UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WADDIE GRIFFIN | : |
| | : |
| VERSUS | : NO. |
| | : |
| PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY | : |
| | : |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendant, Pennsylvania Manufacturers Association Insurance Company ("PMA"), which, pursuant to 28 U.S.C. § 1332, 1441, and 1446, respectfully files this Notice of Removal on the following grounds:

**1.**

On September 30, 2022, Waddie Griffin ("Plaintiff") filed this action in the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana, under the caption *Waddie Griffin v. Pennsylvania Manufacturers Association Insurance Company*, Suit No. 22-1101, Division "D".

**2.**

Notice of removal is being filed timely. PMA, as a foreign insurer, was served through the Louisiana Secretary of State on October 13, 2022. A copy of the original petition, letter, and other papers served on PMA are attached *in globo* as Exhibit "**1**." Therefore, this Notice of Removal is timely filed within thirty (30) days after receipt through service of a copy of the pleading from which it was first ascertained that the case is one that is removable to federal court pursuant to 28 U.S. C. 1446(b)(1).

3.

There are no other defendants to this lawsuit, therefore consent of other party defendants for removal is not applicable.  28 U.S.C. 1446(b)(2)(C).

4.

This suit is being removed less than one (1) year after the commencement of the action in state court pursuant to 28 U.S.C. 1446(c).

5.

Pursuant to 28 U.S.C. 1441(a), removal venue is proper because the United States District Court for the Eastern District of Louisiana is the district within which the above-described state court action is pending—that being St. Bernard Parish, Louisiana.

6.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds seventy-five thousand and NO/100 ($75,000.00) dollars, exclusive of costs and interests.

**DIVERSITY OF CITIZENSHIP IS SATISFIED**

7.

Plaintiff is a person of the full age of majority who is domiciled in Orleans Parish, State of Louisiana. Plaintiff is a Louisiana citizen.

8.

Defendant, PMA, is an insurance company and formed as a corporation.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed a citizen of every state by which it has been incorporated and of the state where it has its principal place of business; except that in any direct action against the insurer of a policy of liability insurance, whether incorporated or unincorporated,

to which action the insured not joined as a party-defendant, then the insurer also assumes the same citizenship as its insured.

9.

In this instance, PMA is not plaintiff's liability insurer. Rather, plaintiff seeks uninsured/underinsured motorist ("UM") coverage through an insurance policy PMA issued to his employer. Where plaintiff asserts a claim for UM coverage, the citizenship of PMA's insured(s) under the policy is irrelevant and the citizenship test for corporations applies. *Gonzales v. Government Employees Ins. Group*, 2000 WL 235236 (E.D. La. 2/28/2000). PMA is a corporation that is incorporated in the state of Pennsylvania and PMA's principal place of business is also located in the state of Pennsylvania. As a result, for purposes of diversity jurisdiction defendant PMA is a citizen of the state of Pennsylvania.

10.

Complete diversity therefore exists between the Plaintiff, a citizen of Louisiana, and the defendant, a citizen of Pennsylvania.

**AMOUNT IN CONTROVERSY IS SATISFIED**

11.

In the United States Court of Appeals for the Fifth Circuit, the removing defendant must show by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or (2) by setting forth facts in the notice of removal, or by affidavit, which support finding that the required amount is present. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In this case, it is not facially apparent from the petition that the jurisdictional amount is satisfied, although plaintiff does allege general damages for pain and suffering as well as special

3

damages for medical expenses, rental expenses, past and future lost earning capacity. Plaintiff further alleges a claim for bad faith insurance penalties and attorney fees against PMA for alleged arbitrary and capricious failure to pay his claim pursuant to La. R.S. 22:1892 and/or 22:1973. *See* Petition, Exhibit "**1**", at ¶¶ I and XVI. Nonetheless, based upon the information provided by plaintiff to defendant concerning his alleged injuries and given his claim for statutory penalties and attorney fees on the basis of those alleged damages, the amount in controversy is satisfied by a preponderance of the evidence, as is factually pled below.

**12.**

Plaintiff has represented to defendant that plaintiff sustained injuries to his neck, back, and knee as a result of the accident. Plaintiff has submitted medical records to defendant which suggest that as an alleged result of the accident, plaintiff sustained two cervical disc herniations at levels C5-6 and C6-7, with annular tears at both levels. An MRI of the lumbar spine did not reveal herniations but did reveal facet hypertrophy and joint effusions between levels L3-4, L4-5, and L5-S1.

Plaintiff underwent at least one round of cervical medial branch blocks at C5-6, C6-7, and C7-T1. He also underwent at least one round of lumbar medial branch blocks at L3-4, L4-5, and L5-S1. His doctor has authorized plaintiff for epidural steroid injections at C5-6 and C6-7. His doctor indicated that should his lumbar symptoms worsen he would prescribe another round of branch blocks and if successful, plaintiff would be a candidate for a lumbar rhizotomy.

Plaintiff's knee doctor ordered an MRI of plaintiff's left knee, which revealed a complex multidirectional tear of his meniscus with displaced meniscal fragment about the joint space. He also had an acute MCL sprain. Plaintiff was to return to his knee doctor to review the MRI and for an assessment of follow up treatment.

Plaintiff indicated as of December 2021 that his medical expenses were $20,504.98, and that he would continue treatment. Plaintiff alleges his damages are equal to or above PMA's policy limits of $1 Million Dollars.

**13.**

PMA analyzes general damages for plaintiff's spinal issues separately from plaintiff's knee issue below. First, regarding his cervical and lumbar injuries, and assuming plaintiff does not undergo (and has not already had) surgical intervention, in review of non-surgical cases similar to that of plaintiff for herniated cervical discs and facet issues to the lumbar spine, Louisiana courts have issued general damage awards as follows:

a. *Grantham v. USAA Cas. Ins. Co.,* 629,423 (19th JDC 09/15/16). Plaintiff was awarded $30,000 general damages (inflation adjusted $36,881), which were equally divided among disability, loss of enjoyment of life, future pain and suffering, and past pain and suffering. Plaintiff was also awarded $46,562 in past medical expenses, and $150,000 in future medical expenses. Plaintiff had cervical pain treated with ESI, MRI evidence of disc space narrowing, and prior treatment for neck complaints which were asymptomatic at time of injury. Plaintiff also had lumbar injuries prior history of treatment for low-back complaints and MRI evidence of degenerative changes. The lumbar injuries were treated with branch blocks and rhizotomy and likely required future similar treatment.

b. *Cole v. Allstar Chevrolet, Inc.,* 2012-0645 (La. App. 1 Cir. 02/13/13), Unpublished. Plaintiff was awarded $90,000 (inflation adjusted $115,058) in general damages. Of those general damages, $40,000 were generic, $30,000 were for loss of enjoyment of life, and $20,000 were for disability. Plaintiff was also awarded $25,000 in past medical expenses and $20,000 in future medical expenses. Plaintiff had multiple cervical disc bulges that were treated with a medial branch block, and plaintiff would possibly need future rhizotomy procedures. Plaintiff also had aggravation of a pre-existing multiple level lumbar disc herniation and had planned future medial branch block and possible rhizotomy.

c. *Cole v. Allstate Fire and Casualty Ins. Co.*, 651,428 (19th JDC 08/31/18). Plaintiff was awarded $50,000.00 in General Damages ($55,116.00 adjusted for inflation), and $19,969.11 in past medical expenses. Plaintiff sustained lumber and cervical injuries as a defensive back on Southern University's football team. Plaintiff had injuries at the L3/4 and L4/5 levels which were treated with branch block injections. He also had bulged discs at the C3/4 level and sprain/strain/soft tissue injuries to

the knee, treated with conservative care.

d. *Folman v Larvadain,* 259,060 (9th JDC 12/09/19). Plaintiff was awarded $75,000.00 in General Damages ($81,121 adjusted for inflation) and $31,659.43 in past medical expenses. Plaintiff had injuries at the C5/6 and C6/7 levels as a result of a MVA and received branch block injections, acupuncture and PT as treatment.

**14.**

In review of similar injuries for a torn meniscus, and assuming no surgery has or will occur, Louisiana courts have issued general damage awards as follows:

a. *Dimarco v. Jackson Industrial Service, Inc.*, 21-CA-530 (La. App. 5 Cir. 06/15/22), 345 So. 3d 1072. Plaintiff was awarded $36,000 in general damages for the aggravation of a prior meniscal tear. She underwent 3 months of conservative treatment with complaints at the time of trial. She was awarded $12,282.30 in past medical expenses.

b. *Alexander v. Willis*, 2017-6887 (15th JDC 09/13/22). Plaintiff was awarded $50,000 in general damages for a torn meniscus where he had pre-existing degenerative changes that were aggravated by the accident. The injury qualified for surgery, but plaintiff could not proceed with surgery due to underlying health issues.

c. *Crews v. Broussard Plumbing & Heating*, 09-1268 (La. App. 3 Cir. 05/12/10, 38 So. 3d 1097. Plaintiff was awarded $45,000 (inflation adjusted $61,217) in general damages for a torn meniscus where a possible future knee replacement was contemplated.

d. *Poulan v. Hunter*, 36,225 (La. App. 2 Cir. 11/06/02), 830 So. 2d 1125. Plaintiff was awarded $32,000.00 in General Damages ($49,058.00 adjusted for inflation), for his knee injuries. He sustained tears to his anterior cruciate ligament and medial meniscus. His injuries were being treated with conservative care with the potential for future surgery.

**15.**

With plaintiff's herniated cervical discs and lower back complaints, inclusive of branch blocks to both the cervical and lumber spine, recommended ESI injections and potential future rhizotomy, a survey of recent cases suggest plaintiff could recover between approximately $30,000

– $115,000[1] in general damages for these spinal injuries with conservative treatment alone. The cases suggest that plaintiff could potentially recover an additional $32,000-$61,000 in general damages for conservative treatment of his torn meniscus. Combined with plaintiff's medical costs which already exceed $20,000,00, the jurisdictional threshold is met in this case.

**16.**

Moreover, plaintiff has also asserted a claim against PMA as his UM insurer for bad faith penalties and attorney fees pursuant to La. R.S. 22:892 and/or 22:1973 for alleged arbitrary and capricious adjustment and non-payment of his alleged damages. Bad faith penalties and attorney fees are items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law. *Henderson v. Allstate Fire & Casualty Ins. Co.*, 154 F. Supp. 3d 428, 433 (E.D. La. 12/22/2015). Plaintiff cannot recover under both penalty statutes, therefore the higher penalty is applicable. *Id.* Under La. R.S. 22:1892, an insurer may be liable unto plaintiff for a penalty "in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater." *Id.*; quoted by *Henderson*, *supra*.

Even assuming a lower end threshold award in general damages for plaintiff's underlying injuries, and inclusive of his medical expenses which as of December 2021 were at least $20,504.98, the combination of plaintiff's compensatory damages and his alleged claim for bad faith penalties, which would equate to 50% of the compensatory damages under La. R.S. 22:1973, it is apparent by a preponderance of the evidence that plaintiff's alleged claims exceed

---

[1] Note that PMA applied inflation to calculate the modern equivalent for the awards made in some of the older cases, the inflation adjustments are not included in the cases themselves.

$75,000.00.

**17.**

In sum, defendant denies liability and denies that plaintiff is entitled to penalties or attorney fees. However, accepting as true plaintiff's representations of damages for the purposes of removal and his demand for penalties and attorney fees, the amount in controversy in the above titled action, exclusive of interest and costs, exceeds the jurisdictional amount set forth in 28 U.S.C. § 1332 and incorporated in 28 U.S.C. § 1441(a) which authorizes removal of a state court action to a federal court.

## ADDITIONAL REQUIREMENTS SATISFIED

**18.**

Pursuant to 28 U.S.C. 1446, a copy of all process, pleadings, and orders served upon, or otherwise provided to, defendant should accompany a removal. PMA hereby attaches a copy of all process, pleadings, and orders served upon PMA through present date as Exhibit "**1**," which is a copy of the process and Petition served upon PMA, and are the only papers returned to the Court and/or otherwise available to defendant at the time of this filing.  If necessary, PMA will, subsequent to the removal of this action, provide a certified copy of the suit record at the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for *Griffin v. Pennsylvania Manufacturers Association Insurance Company*, No. 22-1101, Sec. D., within the timeline set forth in any request or Order issued by this Honorable Court.

**19.**

Contemporaneously with the filing of this Notice of Removal, PMA has given the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, written notice of removal,

a copy of which is attached hereto as Exhibit "**2**."

**20.**

In addition, PMA has provided all adverse parties, that being the plaintiff through his counsel, written notice of removal, a copy of which is also attached hereto as Exhibit "**2**."

**WHEREFORE**, defendant, PMA prays that this Notice of Removal be accepted by this Honorable Court as good and sufficient and that the above-described civil action be removed from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, to this Court for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it all copies of all records and proceedings presently pending in the aforementioned state court and thereupon proceed with the civil action as if originally commenced in this court; and for all necessary and appropriate orders and decrees in accordance with applicable law.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: **/s/ John Parker**
John M. Parker, Jr. Bar # 32629
Amy Groves Lowe, #25071
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Fax: (225) 346-8049
Email: john.parker@taylorporter.com
Email: amy.groves.lowe @taylorporter.com

**Attorneys for PMA Insurance Co.**

5042798.v1

## CERTIFICATE

The undersigned hereby certifies that a copy of the foregoing has been sent by United States mail and e-mail to the following:

Daryl A. Gray
Eric A. Wright
Summer S. Bluford
WRIGHT & GRAY, LLC
201 St. Charles Avenue, Suite 2710
New Orleans, LA 70170
Telephone: (504) 500-0000
daryl@wrightgray.com
eric@wrightgray.com
summer@wrightgray.com
*Counsel for Plaintiff*

Baton Rouge, Louisiana, this 3rd day of November, 2022.

                                                                                     s/ John Parker
                                                                                 John M. Parker, Jr.